# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL A. MEJIA,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA,<br><br>        Defendant. | Case No. 1:18-cv-00220-DAD-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Angel A. Mejia ("Plaintiff") is a Fresno County Jail inmate proceeding pro se and in forma pauperis in this civil action. Plaintiff's complaint, filed on February 13, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.  Plaintiff's Allegations

Plaintiff is currently housed in the Fresno County Jail. Plaintiff's complaint is disjointed and difficult to understand. As best as the Court can determine, Plaintiff is attempting to bring suit against Judge Glenda S. Allen Hill, Attorney Nicholas Reyes and District Attorney Lisa Smittcamp related to alleged treason, forged instruments by kidnapping him into slavery, and forged instruments liquidating his trust. Plaintiff asserts that the alleged treason began on December 14, 2017, and continues to cause him injury. He seeks compensation in the amount of 1.5 million dollars.

## III.  Discussion

For the reasons discussed below, it does not appear that Plaintiff can state a cognizable claim for relief. However, as Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to clarify his claims for relief to the extent he can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.

///

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

As indicated above, Plaintiff's complaint is disjointed and unclear. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims with numbered paragraphs, each limited to a single of set of circumstances. Fed. R. Civ. P. 8, 10.

**B. 18 U.S.C. 2381**

Plaintiff attempts to bring suit for treason under a criminal statute for treason, 18 U.S.C. § 2381. This is a criminal statute for which there is no private right of action. Ponvanit v. Superior Court of California, No. CV 17-4054-FMO (JEM), 2018 WL 1135380, at *9 (C.D. Cal. Jan. 31, 2018), report and recommendation adopted, No. CV 17-4054-FMO (JEM), 2018 WL 1135502 (C.D. Cal. Feb. 27, 2018). Plaintiff therefore cannot state a claim under 18 U.S.C. § 2381.

**C. RICO**

Plaintiff also appears to assert claims against defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). "To state a civil RICO claim, plaintiff[ ] must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)). Plaintiff has made no such allegations in this action.

**D. Judicial Immunity**

To the extent Plaintiff considers filing an amended complaint to name a State court judge or the District Attorney as a defendant, it is advised that absolute immunity is generally accorded

to judges functioning in their official capacities. See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir.2004). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991); see also Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). To the extent Plaintiff seeks to allege violations based upon judicial conduct, judges are absolutely immune.

### E. Prosecutorial Immunity

To the extent Plaintiff is attempting to bring suit against the District Attorney arising out of a criminal prosecution, he may not do so. A prosecuting attorney acting within the scope of his or her duties in initiating and pursuing an action and in presenting the state's case is entitled to absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 427, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This immunity extends to all "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). A prosecutor is not deprived of immunity because the action he or she took was in error, deliberate, or in excess of his or her authority. See Imbler, 424 U.S. at 431 n.34 (prosecutor's "deliberate withholding of exculpatory information" and role in allegedly suborning perjury were shielded by absolute immunity).

### IV. Conclusion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith in light of the standards set forth in the above paragraphs. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 17, 2018**　　　　　　　/s/ *Barbara A. McAuliffe*　　
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE